UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:11-cr-15-WTL-KPF-8 |
| ) | |
| JAMA MIRE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ENTRY ON MOTION TO REVOKE DETENTION ORDER**

Before the Court is Defendant Jama Mire's Motion to Revoke Detention Order (Docket No. 319). This motion is fully briefed, and the Court, being duly advised, now **GRANTS** the motion for the reasons set forth below.

**I. LEGAL STANDARD**

18 U.S.C. § 3145(b) provides for district court review of a magistrate judge's release or detention order. Section 3145(b) states:

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

Pursuant to § 3145(b), the district court conducts a *de novo* review and need not defer to the magistrate's findings. The Court's review of the magistrate judge's decision may be by either reviewing the transcript or holding a hearing. *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991). In this case, the Court conducts its *de novo* review after hearing additional argument at a hearing held November 30, 2011.

**II. BACKGROUND**

On July 12, 2011, the Defendant, Jama Mire, was charged by grand jury indictment with one count of knowingly conspiring to possess with intent to distribute and to distribute cathinone,[1] a Schedule I Narcotic Controlled Substance, and one count of knowingly possessing with intent to distribute cathinone, in violation 21 U.S.C. § 841(a)(1) and 841(b)(1)(C), and one count of knowingly using or maintaining a place for the purpose of distributing and using any controlled substance, namely cathinone, in violation 21 U.S.C. § 856(a)(1) and 856(b) and 18 U.S.C. § 2. Mire was arrested on February 17, 2011, on a previous indictment,[2] and appeared before a Magistrate Judge on February 18. The Government moved to detain Mire under 18 U.S.C. §§ 3142(f)(1)(c) and 3142(f)(2)(A), submitting that he posed a serious danger to the community and that, if released, there was a serious risk that he would flee.

A detention hearing was held before a Magistrate Judge on February 24, 2011.[3] At the hearing, the Magistrate Judge noted that the grand jury indictment triggered the rebuttable presumptions that Mire posed a serious risk of flight and a danger to the community. *See* 18 U.S.C. § 3142(e). Mire appeared with counsel and proffered evidence regarding the factors set forth in 18 U.S.C. § 3142(g). Ultimately, the Magistrate Judge concluded that Mire failed to rebut the presumption that he is a serious risk of flight, and similarly found that Mire failed to rebut the presumption that he is a danger to the community and any other person. Thus, Mire was ordered detained pending trial. A formal order was issued on April 4, 2011 (Docket No.

---

[1] Cathinone is colloquially referred to as "khat."

[2] The previous indictment in case 1:11-cr-0016-WTL-KPF was superseded by the July 12 indictment and was dismissed without prejudice on July 19, 2011.

[3] A Somali interpreter was present in the courtroom that day and provided simultaneous interpretation for the Defendant.

38). Mire moved for reconsideration of this detention order (Docket No. 29) and the Court denied his motion (Docket No. 40). Mire now moves again for reconsideration of the detention order. Having heard oral argument on the motion, received and reviewed the Government's evidence, and the Defendant's proffer, the Court now rules on Mire's motion.

### III.  DISCUSSION

The charges against Mire carry maximum penalties of twenty years' imprisonment, a $1 million fine, and not less than three years to life on supervised release, 21 U.S.C. § 841(b)(1)(C), and twenty years' imprisonment or a $500,000 fine, or both, 21 U.S.C § 856(b). Accordingly, there is a rebuttable presumption in favor of detention in this case. 18 U.S.C. § 3142(e)(3)(A). Mire may rebut the presumption by producing contrary evidence showing that there are conditions of release that would reasonably assure that he will not engage in dangerous criminal activity or threaten the safety of the community pending trial. This is the issue currently before the Court. The Court's inquiry in this case is guided by the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, record concerning appearance at court proceedings, and whether at the time of the instant offense the defendant was subject to court supervision; and (4) the nature and seriousness of the danger to any person in the community. 18 U.S.C. § 3142(g).

    **A.**    **Nature and circumstances of the offense charged**

Mire is charged with one count of knowingly conspiring with intent to distribute and to distribute khat, one count of possessing with intent to distribute khat, and one count of knowingly using or maintaining a place for the purpose of distributing and using khat. Mire urges the Court to consider the Court's release of all of the remaining co-defendants in this case, specifically Defendant Mohamed Warsamey, as a reflection of the Court's own prior appraisal of the nature and seriousness of the charged conspiracy. Indeed, to the extent that the counts with which Warsamey and Mire are charged are the same,[4] the Court's release of Warsamey reflects its careful consideration of the nature, seriousness, and danger to the community posed by an alleged sophisticated drug-trafficking enterprise, weighed against Warsamey's, and now Mire's, interest in freedom from detention before a determination of guilt. Furthermore, to the extent that Mire is charged with an additional count for maintaining a place for the purpose of distributing and using khat, the Court finds that, although indeed a serious charge, Mire's interest in freedom from detention before a determination of guilt outweighs this factor. Accordingly, this consideration, while a close call, now weighs in rebuttal against the presumption of detention.

    **B.**    **Weight of the evidence against Mire**

Mire has been indicted by the grand jury, and at this point, the evidence against Mire is substantial and unrebutted. The Government's Exhibits A and B, which were admitted at the hearing on the instant motion, show a man alleged to be Mire with a large cache of monies and depict an unknown male individual alleged to be at the Somali House of Coffee with what appears to be plastic bags of khat on the table in front of him. However, as counsel argued,

---

[4] Warsamey is charged with one count of knowingly conspiring with intent to distribute and to distribute khat, one count of possessing with intent to distribute khat.

4

weighing too heavily the evidence at this early stage is inappropriate. Accordingly, while this factor weighs in favor of detention, its weigh is not decisive.

    **C.**    **The history and characteristics of the Defendant**

Section 3142(g)(3) instructs the Court to consider Mire's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether he was subject to any other criminal justice supervision at the time of the charged offense.

Mire was born in Somalia and is a Somalian citizen. He is lawfully present in the United States, having entered the country in 2004 as a refugee. Mire has been employed at the Somali House of Coffee in Indianapolis, Indiana, for approximately two and one-half years. He resides in Indianapolis, holds a valid Indiana driver's license, and has filed and paid taxes. Mire does not own any real property in either this district or this country. Mire does not have a valid passport, nor could the Somalian government issue him one. The Court notes that, while Mire's ability to travel from Somalia ten years ago without a passport previously raised suspicion, counsel for Mire explained that Mire traveled openly with his family, and proceeded to establish his status as a refugee in the United States by the proper lawful channels.

Although having obtained the equivalent of a high school education overseas, Mire enrolled in Ben Davis High School while in the United States, and graduated with a diploma in 2006. He attended Indiana University-Purdue University Indianapolis in 2008, and while he did not complete his degree due to financial constraints, he has earned 12 to 16 credit hours.

While Mire has family in Ethiopia, Kenya, and Somalia, Mire's immediate family lives

in the United States. Mire's mother and sister reside in Indiana, his father resides in Wisconsin, and he also has siblings who live in Ohio. He has no criminal history, nor is there any indication of either substance abuse or mental illness. Furthermore, there is no evidence that Mire has ever been physically or verbally abusive, combative, or violent, nor that Mire has employed the use of a firearm in furtherance of the alleged crimes. Mire's family describes him as mild, respectful, and humble. The Court notes that Mire's family has shown extensive support during the proceedings in this case.

Given Mire's close familial ties to the United States, the Court concludes that this factor weighs against detention.

### D. Nature and seriousness of the danger to any person in the community and risk of flight

Mire alerts the Court to the Government's key informant's report that, of all the Defendants in this case, Mire is the only one the informant believes would not flee the area if released. The Court further notes Mire's disposition, as evidenced by argument from his counsel, and Mire's family's assurances that it will support, encourage, and supervise him in his continued compliance with the proceedings. Accordingly, these factors contribute to rebutting the presumption of detention.

While the Government has argued that Mire poses a serious risk of flight, the Court finds that the Government has failed to support its argument by a preponderance of the evidence, as it relies merely on Mire's distant international ties. Furthermore, given Mire's close family ties and his apparently mild disposition, the Court finds that the Government has failed to show by clear and convincing evidence that no condition or combination of conditions will reasonably assure

the safety of other persons and the community. For these reasons, detention is no longer appropriate in this case.

## IV. CONCLUSION

For the foregoing reasons Defendant's Motion to Revoke Detention (Docket No. 319) is **GRANTED**. The Court shall consider the conditions of the Defendant's release under a separate order.

SO ORDERED: 12/01/2011

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

All counsel of record, via electronic communication

U.S. Marshals Service

U.S. Probation Office